## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES BERMINGHAM          )
3913 Highwood Court, NW   )
Washington, DC 20007      )
                          )
    and              )
                          )
SUSAN BERMINGHAM          )
3913 Highwood Court, NW   )
Washington, DC 20007      )
                          )
            Plaintiffs,   )
                          )
    vs.              )
                          )
MERCK & CO., INC.,        )
One Merck Drive           )
Whitehouse Station, NJ 08889  )
                          )
            Defendant.   )
                          )

CASE NUMBER    1:06CV00370

JUDGE: Richard J. Leon

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 03/02/2006

## ANSWER AND JURY DEMAND

    Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the

Complaint and Jury Demand ("Complaint") herein as follows:

    1.    Denies each and every allegation contained in paragraph 1 of the Preamble.

    2.    Merck denies each and every allegation contained in paragraph 2 of the

Preamble except admits that the referenced presentation exists and respectfully refers the

Court to said documents for their actual language and full text.

    3.    Denies each and every allegation contained in paragraph 3 of the Preamble.

    4.    Denies each and every allegation contained in paragraph 4 of the Preamble

except admits that Vioxx® ("Vioxx") was voluntarily withdrawn from the market on

September 30, 2004 and that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, and on that basis denies them.

6.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, and on that basis denies them.

7.    Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, that Vioxx was the brand name for rofecoxib, and that Merck is authorized to do business in the District of Columbia.

8.    The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck is authorized to do business in the District of Columbia.

9.    The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence except admits that Merck is authorized to do business in the District of Columbia. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the

2

allegations contained in the second sentence of paragraph 5 of the Complaint. Denies
each and every allegation contained in the third sentence of paragraph 5 of the Complaint
except admits that Merck manufactured the prescription medicine Vioxx.

10. Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 7 of the Complaint, and on that basis
denies them.

11. Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 8 of the Complaint, and on that basis
denies them.

12. Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in the first, second, third, fourth, fifth, and sixth
sentences of paragraph 9 of the Complaint, and on that basis denies them. Denies each
and every allegation contained in the seventh sentence of paragraph 9 of the Complaint.

13. Denies each and every allegation contained in paragraph 10 of the Complaint
except admits that Vioxx is the brand name for rofecoxib, that the prescription medicine
Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be
due to inhibition of prostaglandin synthesis via inhibition of the enzyme known as
cyclooxygenase-2 ("COX-2").

14. Denies each and every allegation contained in paragraph 11 of the Complaint.
Merck avers that Vioxx reduces pain and inflammation and that the mechanism of action
is believed to be due to inhibition of prostaglandin synthesis via inhibition of COX-2.

15. Denies each and every allegation in paragraph 12 of the Complaint except
admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for

Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

16.    Denies each and every allegation in paragraph 13 of the Complaint except admits that on November 23, 1998 Merck submitted an NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

17.    Admits paragraph 14 of the Complaint, except Merck respectfully refers the Court to the referenced NDA for its actual language and full text.

18.    Admits paragraph 15 of the Complaint, except Merck respectfully refers the Court to the referenced prescribing information for its actual language and full text.

19.    Admits paragraph 16 of the Complaint, except Merck respectfully refers the Court to the referenced prescribing information for its actual language and full text.

20.    Denies each and every allegation in the first sentence of paragraph 17 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Denies each and every allegation in the second sentence of paragraph 17 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text. Denies each and every allegation in the third sentence of paragraph 17 of the Complaint.

21.    Denies each and every allegation in paragraph 18 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck

respectfully refers the Court to the referenced protocol and study for their actual language and full text.

22.    Denies each and every allegation in paragraph 19 of the Complaint except admits that the studies referenced in sentence one and the article referenced in sentence three exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is a member of the European League Against Rheumatism and has been a sponsor since 1999.

23.    Denies each and every allegation in paragraph 20 of the Complaint except admits that 2000 worldwide Vioxx sales exceeded $2 billion.

24.    Denies each and every allegation in paragraph 21 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

25.    Denies each and every allegation in paragraph 22 of the Complaint except admits that the referenced article exists and respectfully refers the Court to it for its actual language and full text.

26.    Denies each and every allegation of paragraph 23 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to them for their actual language and full context.

27.    Denies each and every allegation in paragraph 24 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

28.    Denies each and every allegation in paragraph 25 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced letter and respectfully refers the Court to said letter for its actual language and full text.

29.    Denies each and every allegation in paragraph 26 of the Complaint except admits that Plaintiffs purport to quote a portion of the referenced letter and respectfully refers the Court to said letter for its actual language and full text.

30.    Denies each and every allegation in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a letter to healthcare practitioners, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information letter, and Patient Information sheet for their actual language and full text.

31.    Denies each and every allegation in paragraph 28 of the Complaint, and respectfully refers the Court to the referenced label for its actual language and full text.

32.    Denies each and every allegation in paragraph 29 of the Complaint except admits that the referenced letter exists and respectfully refers the Court to the referenced letter for its actual language and full text.

33.    Denies each and every allegation in paragraph 30 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the Court to it for its actual language and full text.

34.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint.

35.    Denies each and every allegation in paragraph 32 of the Complaint.

6

36.    Denies each and every allegation in paragraph 33 of the Complaint except admits that on September 30, 2004 Merck announced that it would voluntarily withdraw Vioxx from the worldwide market.

37.    With respect to the allegations in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

38.    The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

39.    The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

40.    Denies each and every allegation contained in paragraph 37 of the Complaint.

41.    Denies each and every allegation contained in paragraph 38 of the Complaint.

42.    Denies each and every allegation contained in paragraph 39 of the Complaint.

43.    Denies each and every allegation contained in paragraph 40 of the Complaint.

44.    Denies each and every allegation contained in paragraph 41 of the Complaint.

45.    Denies each and every allegation contained in paragraph 42 of the Complaint.

46.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

7

47.    With respect to the allegations in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

48.    Denies each and every allegation contained in paragraph 44 of the Complaint.

49.    Denies each and every allegation contained in paragraph 45 of the Complaint.

50.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 46 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 46 of the Complaint.

51.    Denies each and every allegation contained in paragraph 47 of the Complaint.

52.    Denies each and every allegation contained in paragraph 48 of the Complaint.

53.    Denies each and every allegation contained in paragraph 49 of the Complaint.

54.    Denies each and every allegation contained in paragraph 50 of the Complaint.

55.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

56.    With respect to the allegations in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

57.    Denies each and every allegation contained in paragraph 52 of the Complaint.

58.    Denies each and every allegation contained in paragraph 53 of the Complaint.

59.    Denies each and every allegation contained in paragraph 54 of the Complaint.

60.    Denies each and every allegation contained in paragraph 55 of the Complaint.

61.    Denies each and every allegation contained in paragraph 56 of the Complaint.

62.    Denies each and every allegation contained in paragraph 57 of the Complaint.

63.    Denies each and every allegation contained in paragraph 58 of the Complaint.

64.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

65.    With respect to the allegations in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

66.    Denies each and every allegation contained in paragraph 60 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

67.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint.

68.    The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

69.    Denies each and every allegation contained in paragraph 63 of the Complaint.

70.    Denies each and every allegation contained in paragraph 64 of the Complaint.

71.  Denies each and every allegation contained in paragraph 65 of the Complaint.

72.  Denies each and every allegation contained in paragraph 66 of the Complaint.

73.  Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

74.  With respect to the allegations in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

75.  Denies each and every allegation contained in paragraph 68 of the Complaint.

76.  Denies each and every allegation contained in paragraph 69 of the Complaint.

77.  The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

78.  The allegations contained in first sentence of paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of said paragraph.  Merck further denies each and every allegation contained in the second sentence of paragraph 71 of the Complaint.

79.  Denies each and every allegation contained in the paragraph 72 of the Complaint.

80.  Denies each and every allegation contained in paragraph 73 of the Complaint.

81.  Denies each and every allegation contained in paragraph 74 of the Complaint.

82.    Denies each and every allegation contained in paragraph 75 of the Complaint.

83.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

84.    Denies each and every allegation contained in paragraph 77 of the Complaint.

85.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

86.    With respect to the allegations in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

87.    The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

88.    Denies each and every allegation contained in paragraph 80 of the Complaint.

89.    Denies each and every allegation contained in paragraph 81 of the Complaint.

90.    Denies each and every allegation contained in paragraph 82 of the Complaint.

91.    Denies each and every allegation contained in paragraph 83 of the Complaint.

92.    Denies each and every allegation contained in paragraph 84 of the Complaint.

93.    Denies each and every allegation contained in paragraph 85 of the Complaint.

94.    Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

95.   With respect to the allegations in paragraph 85 [sic] of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in all other paragraphs of this Answer with the same force and effect as though set forth here in full.

96.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Complaint.

97.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

98.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 88 of the Complaint.

99.   Denies each and every allegation contained in paragraph 89 of the Complaint.

100.  Plaintiffs' Prayer for Relief is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

101.  Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

102.  The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

103.  Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

104. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

105. To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

106. To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

107. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

108. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

109.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to, any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

110.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

111.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

112.  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

14

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

113. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

114. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

115. Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

116. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

117. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

118. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, any award of punitive damages is barred under the relevant state law.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

119. Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

120. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

121. Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

122. Plaintiffs' claims are barred under Section 4, *et. seq.,* of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

123. Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

124. This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

125. Venue in this case is improper.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

126. To the extent Plaintiffs have settled or will in the future settle with any person

or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,

should be reduced accordingly.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

127. To the extent Plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

## AS FOR A TWENTY- EIGHTH
## DEFENSE, MERCK ALLEGES:

128. To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

129. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed

to mitigate the alleged damages.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

130. There is no technically feasible alternative design that would have reduced the

alleged risk without substantially impairing the reasonably anticipated and intended

function of Vioxx.

17

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

131.  Plaintiffs' claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

132.  Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

133.  Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

134.  Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Super. Ct. Civ. R. 9(b) and/or Fed. R. Civ. Pro. 9(b).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

135.  Plaintiffs' claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

136.  Plaintiffs' claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

137.  Plaintiffs' claims may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

138.  Plaintiffs' claims may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

139.  To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

140.  Plaintiffs' claims may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

141.  Plaintiffs' claims may be barred, in whole or in part, by the governing state laws.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

142.  Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

143.  Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

144.  Merck reserves its right to dismiss the Complaint and seek further relief for

Plaintiffs' failure to provide it with due process of law.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

145.  To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or

grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

146.  Plaintiffs' claims are not suitable for joinder.


Inasmuch as the Complaint does not describe the alleged underlying claims with

sufficient particularity to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of

its answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery of this action.  Merck will rely on all defenses that may

become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs'

Complaint with prejudice and awarding Merck its reasonable costs and disbursements,

together with such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:_____
      Douglas R. Marvin
      (D.C. Bar No. 933671)
      Paul K. Dueffert
      (D.C. Bar No. 435452)

725 Twelfth Street, N.W.
Washington, D.C.  20005
(202) 434-5000

Dated:  March 2, 2006          Attorneys for Defendant Merck & Co., Inc.

Of Counsel:

John H. Beisner (Bar No. 320747)
Jessica D. Miller (Bar No. 457021)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

Norman C. Kleinberg
Theodore V. H. Mayer
Charles Avrith
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

## CERTIFICATE OF SERVICE

I hereby certify that I have this 2nd day of March, 2006 caused a true and

correct copy of the foregoing Answer and Jury Demand to be served by first-class mail,

postage prepaid, on:

Robert K. Jenner
Janet, Jenner & Suggs, LLC
1829 Reisterstown Road, Suite 320
Baltimore, MD  21208


Paul K. Dueffert